*The New York Life Insurance and Trust Company* v. *James Milnor, Jun. et al.* J. RHOADES, for defendant Grant; O. CLARK, for Martindale, Sprague and Conger. Application by defendant Grant for a rehearing, or a modification of the decree of sale of the mortgaged premises, or for a review and correction of the decision of the master charged with the sale, as to the order in which the several parcels should be under the decree.

Form of decree of foreclosure where separate parcels have been sold or incumbered by mortgagor subsequent to date of complainant's mortgage.

The court stated it to be a matter of course, upon a mere suggestion at the time of making a decree of foreclosure and sale, that separate portions of the mortgaged premises are held by different persons under conveyances or mortgages subsequent to the mortgage of the complainant, to insert such a provision in the decree as will enable the master to sell in such a manner as to protect the equitable rights of the defendants respectively. That the usual provision inserted in the decree, in such cases, is, " that if it shall appear to the master who is to make the sale that separate parcels of the mortgaged premises have been conveyed or incumbered by the mortgagor or those claiming under him, subsequent to the lien of the complainant's mortgage, he shall sell the premises in parcels in the inverse order of alienation, *according to the equitable rights of the parties as such subsequent grantees or incumbrancers, as such rights shall appear to the master.*"

That under a decree thus drawn if the grantee of a portion of the premises was, by virtue of his conveyance, entitled to a right of way or other easement in the residue of the premises which belonged to the grantor subsequent to such conveyance, it would be a matter of course for the master to sell such residue subject to such right of way or other easement in favor of the owner or purchaser of the dominant tenement, and his heirs and assigns.

Decided that if a man conveys to another a piece of land surrounded by other lands of the grantor, the grantee and those claiming under him have a right of way of necessity through such other lands of the grantor, as incident to the

Right of way of necessity.

grant. And that the same principle applies where the piece of land conveyed is partly surrounded by lands of a third person.

That the right of way of necessity over the lands of the grantor in a conveyance in favor of the grantee and those subsequently claiming the dominant tenement under him, is not a perpetual right of way ; but continues only so long as the necessity exists. And that if the grantee of the dominant tenement or those claiming the same under him, afterwards, by purchase or otherwise, acquires a convenient way over his own lands to the the tenement in favor of which the way of necessity previously existed, the way of necessity over the lands of the original grantor of such tenement will cease. So if a convenient way to such tenement is subsequently obtained by the owner thereof from the opening of a public highway to or through such tenement.

Order directing decree of sale to be modified and amended, *nunc pro tunc* as of the time when it was originally entered, and that enrolment be discharged and decree enrolled anew as amended. Order to contain the necessary instructions to the master to make the sale conformably to the principles of this decision, and directing him to make his report accordingly. Costs of this application to be paid by Grant to the solicitor of the defendants Conger and Sprague.